UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X   Case No.

ZULEIKA DAVIS

           Plaintiff,

    -against-                                    COMPLAINT

HARVARD COLLECTION SERVICES, INC.

           Defendant.
-------------------------------------------------------------X

09 4135

MATSUMOTO, J.

LEVY M.J.

       Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

## INTRODUCTION

       1.     This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

## PARTIES

       2.     Plaintiff is a natural person residing in this District and is a consumer as defined by the FDCPA, § 1692a(3).

       3.     Upon information and belief, defendant is a debt collector, as defined pursuant to 15 U.S.C. § 1692a(6), and is a foreign business corporation incorporated in

Illinois. Defendant's registered agent for the service of process in New York is CT Corporation System.

## JURISDICTION AND VENUE

4. This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331.

## AS AND FOR A FIRST CAUSE OF ACTION

5. Plaintiff re-alleges paragraphs 1 to 4 as if fully re-stated herein.

6. That on or about November 22, 2008, plaintiff obtained a copy of her credit report. On said credit report was a negative collection account being reported by defendant in the amount of $112.

7. That on or about December 3, 2008, plaintiff telephoned defendant. At plaintiff's request, a representative of defendant, Oscar Avila, told plaintiff that the debt is in relation to a Sprint telephone account. This is an alleged consumer debt incurred for personal purposes.

8. That plaintiff then told Mr. Avila that she will pay the alleged debt upon condition that defendant deletes the account from her credit report with all the credit reporting agencies to which defendant was reporting the account. Mr. Avila told plaintiff that, in return for her payment of $112, defendant would request the deletion of the account from all of plaintiff's credit files with each credit reporting agency to which defendant was reporting the account.

9. That thereupon plaintiff paid the account in the said telephone conversation with Mr. Avila on or about December 3, 2008, by providing her banking information. Said payment of $112 was deducted from plaintiff's bank account by

defendant.

10. That on or about July 2, 2009, plaintiff obtained a copy of her Experian credit report. That in the said report defendant continues to list the said Sprint debt as a negative account. That said credit report shows that the date of the latest update by defendant was January 2009, about one month or more after plaintiff paid defendant and defendant promised to effect deletion of the account. That said credit report shows that, even though the status of the account was reported as "Paid, Closed", defendant also reported that "Recent Payment" was "N/A".

11. That defendant continuing to report the account at all is a breach of the parties' agreement made on December 3, 2008 that defendant would effect deletion of the account. That plaintiff paid the $112 alleged to be owed based on this agreement. That the continued reporting of the debt is a violation of the FDCPA, including, without limitation, §1692e(8), communicating to any person credit information which is known or which should be known by defendant to be false. Such credit information includes the negative reporting of the account in and of itself, in violation of the parties' agreement. Such credit information also includes the failure to state that a recent payment of $112 had been made by plaintiff.

12. That defendant has also violated §§1692e and 1692e(10) of the FDCPA by continuing to report the account in breach of the parties' agreement. In so breaching the parties' agreement, defendant used a false, deceptive or misleading representation or means in connection with the collection of a debt.

13. That defendant has also violated §1692e(2)(A) of the FDCPA by falsely representing the character or amount of the debt, in that if a potential creditor were

to review plaintiff's credit file, such creditor would believe that plaintiff continues to be delinquent in her payment, because though the credit file states the debt was "Paid, Closed", it also states that there was no recent payment and this is not true.

14. That defendant is also in violation of the FDCPA, §1692d, as the natural consequence of the aforesaid conduct of defendant is to harass, oppress or abuse the plaintiff in connection with the collection of the alleged debt.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(b) reasonable attorney's fees, costs and disbursements pursuant to 15 U.S.C. § 1692k; and

(c) for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
September 22, 2009.

NOVLETTE R. KIDD, ESQ. (NK9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com